# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NANCY E. CIPRIANI, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CASE NO. ) 1:19-cv-03424-MLB-LTW |
| BED, BATH & BEYOND, INC. | ) ) |
|     Defendant. | ) ) ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Nancy Cipriani ("Cipriani") and Defendant Bed, Bath & Beyond, Inc. ("BBB"), and pursuant to L.R. 16.2, N.D. Ga., hereby jointly file this Joint Preliminary Report and Scheduling Order.

**1.　Description of Case:**

    (a)　**Describe briefly the nature of this action.**

Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), to recover monetary damages and have BBB accommodate her alleged disability.

    **(b)　Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff works as a Gift Wrapping Associate with BBB. Plaintiff alleges BBB accommodated her alleged disability from February 18, 2019 to May 17, 2019.

1

Since that time, however, Plaintiff alleges BBB has violated the ADA by not accommodating her alleged disability. Plaintiff also claims her coworkers harassed her because of her disability. BBB denies that it has taken any action that violates the ADA.

        (c)    **The legal issues to be tried are as follows:**

1.     Whether Plaintiff was/is entitled to a reasonable accommodation under the ADA after May 17, 2019.

2.     Whether Plaintiff's coworkers harassed her because of her alleged disability and, as a result, created a hostile work environment.

3.     Whether Plaintiff is entitled to damages, and, if so, in what amount.

4.     Whether Defendant is entitled to recover its costs and attorneys' fees.

The above list is not exhaustive of the issues that may arise in this action. Discovery in this action may reveal additional legal issues unknown at this time.

        (d)    **The cases listed below (include both style and action number) are:**
            (1)    **Pending Related Cases:** *NONE*
            (2)    **Previously Adjudicated Related Cases:** *NONE*

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

|  |  |  |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or actions by the government |
| _____ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |

The parties do not view this case as particularly complex at this time.

**3.** **Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties.**

> **Plaintiff:** Andrew Mosley, II
> Drew Mosley, LLC
> 279 W. Crogan Street
> Lawrenceville, GA 30046
> 678-225-0098
> drew@mlawmail.com
>
> **Defendants:** C. Todd Van Dyke
> Sapna K. Jain
> Jackson Lewis P.C.
> 171 17th Street NW, Suite 1200
> Atlanta, GA 30363
> (404) 525-8200
> todd.vandyke@jacksonlewis.com
> sapna.jain@jacksonlewis.com

**4. Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

_____Yes   __X__No

**5. Parties to This Action**
   (a) **The following persons are necessary parties who have not been joined:**

   None at this time.

   (b) **The following persons "may be" improperly joined as parties:**
   None.

   (c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**
   None.

   (d) **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

   **6. Amendments to the Pleadings**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

   (a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

   Plaintiff's counsel may amend the pro se complaint.

   (b) **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

    (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    (c) *Other Limited Motions*: Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d) *Motions Objections to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

None. The parties will serve their initial disclosures by October 14, 2019.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-month discovery**

5

**period, and (c) eight (8)-month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**
**Please state below the subjects on which discovery may be needed:**

Discovery will be needed on liability and damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

At this time, the parties do not anticipate needing additional time beyond that allowed by the assigned discovery track to complete discovery. If the parties find that they need additional time, and upon good cause shown, they will confer and jointly request an extension to the discovery period.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**
**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b) Is any party seeking discovery of electronically stored information?**

　X　Yes 　　No

If "yes,"

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties discussed discovery of electronically stored information ("ESI") during their Rule 26(f) conference. The parties agree to adhere to the obligations and requirements established by the Federal Rules of Civil Procedure and the Local Rules of this Court regarding discovery of ESI.

Counsel for the parties have not yet determined appropriate limitations on the sources and scope of production, if any. Counsel have agreed to work together to produce electronically stored information when appropriate in order to avoid expense. The parties may petition the Court for approval of a joint protective order and ESI protocol as appropriate. Counsel will amend or supplement this report as necessary.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have preliminarily agreed to provide any applicable ESI in searchable PDF format. The parties agree to continue to meet and confer regarding the format for production of ESI as the parties determine the size and scope of production.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under**

**Rule 26(c) or under Rule 16(b) and (c)?**

None at this time. In the event the parties exchange sensitive or proprietary information during discovery, the parties will submit a mutually agreed upon protective order for the Court's approval to govern the use and disclosure of confidential information and documents produced during this action.

In accordance with Fed. R. Evid. 502(d), the parties stipulate that the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties further agree that this stipulation shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

**13. Settlement Potential:**

(a) **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 3, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff:** Lead counsel (signature): */s/Drew Mosley*

**For Defendant:** Lead counsel (signature): */s/Sapna Jain*

**Other participants**:

8

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears there is now:**

|  |  |
|---|---|
| \_\_\_\_ | A possibility of settlement before discovery. |
| _X_ | A possibility of settlement after discovery. |
| \_\_\_\_ | A possibility of settlement, but a conference with the judge is needed. |
| \_\_\_\_ | No possibility of settlement. |

(c) **Counsel ( X ) do or ( \_\_ ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is yet to be determined.**

(d) **The following specific problems have created a hindrance to settlement of this case:**

None at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

RESPECTFULLY SUBMITTED this 7th day of October, 2019.

/s/ Andrew Mosley, II
Andrew Thelston Mosley, II
Georgia Bar No. 526406
drew@mlawmail.com

Drew Mosley, LLC
279 W. Crogan Street
Lawrenceville, GA 30046
Telephone: 678-225-0098
Facsimile: 678-221-0230

**Counsel for Plaintiff**

/s/ Sapna K. Jain
C. Todd Van Dyke
Georgia Bar No. 142298
Todd.vandyke@jacksonlewis.com
Sapna K. Jain
Georgia Bar No. 680949
sapna.jain@jacksonlewis.com

JACKSON LEWIS P.C.
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
Facsimile: (404) 525-1173

**Counsel for Defendant**

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE