# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NANCY E. CIPRIANI, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BED, BATH & BEYOND, INC. )<br>)<br>    Defendant. )<br>) | CASE NO.<br>1:19-cv-03424-MLB-LTW |

## DEFENDANT'S INITIAL DISCLOSURES

Defendant Bed Bath & Beyond, Inc. ("Defendant" or "BBB"), by and through its undersigned counsel, hereby provides the following initial disclosures pursuant to Fed. R. Civ. P. 26 and Local Rule 26.1:

**DISCLOSURE NO. 1:** If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendant's name contains a typographical error in the case caption. The correct spelling of Defendant's name is Bed Bath & Beyond, Inc.**

**DISCLOSURE NO. 2:** Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Defendant does not contend that any additional parties are necessary to the action at this time.**

**DISCLOSURE NO. 3:** Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Plaintiff works as a Gift Wrapping Associate with BBB. Plaintiff alleges BBB accommodated her alleged disability from February 18, 2019 to May 17, 2019. Since that time, however, Plaintiff alleges BBB has violated the ADA by not accommodating her alleged disability. Plaintiff also claims her coworkers harassed her because of her disability. BBB denies that it has taken any action that violates the ADA.**

**Defendant further relies on its affirmative and other defenses which are set forth in its Answer to Plaintiff's Complaint and are self-explanatory. Discovery in this matter has not yet begun. Thus, Defendant reserves the right to supplement this disclosure or otherwise put Plaintiff on timely notice of any**

**additional defenses which emerge during the discovery period. Defendant also reserves the right to seek to recover its attorneys' fees and costs.**

**DISCLOSURE NO. 4:** Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Defendant intends to rely on the text of Title I of the Americans with Disabilities Act, the familiar body of case law interpreting this statute, case law addressing Defendant's defenses, and the Federal Rules of Evidence and Civil Procedure.**

**DISCLOSURE NO. 5:** Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

*See* **Attachment A.**

**DISCLOSURE NO. 6:** Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**Defendant has not designated expert witnesses, but reserves the right to do so at a later time pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules.**

**DISCLOSURE NO. 7:** Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

*See* **Attachment B.**

**DISCLOSURE NO. 8:** In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.

**Defendant has not asserted any claim against Plaintiff, but reserves the right to do so at a later time. Defendant intends to seek to recover its costs and attorneys' fees in this matter as applicable.**

**DISCLOSURE NO. 9:** If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Defendant is unaware of any such persons or legal entities at this time.**

**DISCLOSURE NO. 10:** Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**Defendant will provide Plaintiff with insurance information upon entry of an appropriate confidentiality order.**

Respectfully submitted this 14th day of October, 2019.

*/s/ C. Todd Van Dyke*
C. Todd Van Dyke
Georgia Bar No. 723420
vandyket@jacksonlewis.com
Sapna K. Jain
Georgia Bar No. 680949
sapna.jain@jacksonlewis.com
JACKSON LEWIS P.C.
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
T: (404) 525-8200
F: (404) 525-1173

ATTORNEYS FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NANCY E. CIPRIANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) 1:19-cv-03424-MLB-LTW |
| BED, BATH & BEYOND, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I certify that on October 14, 2019, I electronically filed the foregoing **DEFENDANT'S INITIAL DISCLOSURES** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Drew Mosley
Drew Mosley, LLC
279 W. Crogan Street
Lawrenceville, GA 30046
drew@mlawmail.com

*/s/ C. Todd Van Dyke*
C. Todd Van Dyke
Georgia Bar No. 723420

# ATTACHMENT A

<u>Witnesses</u>:

1. Plaintiff Nancy Cipriani has discoverable information regarding the allegations and claims for damages set forth in the Complaint.

2. Earline Jones, HR Manager, c/o Jackson Lewis P.C., 171 17th Street NW, Suite 1200, Atlanta, Georgia, 30363. Ms. Jones has discoverable information regarding Plaintiff's employment, the allegations set forth in the Complaint, and Defendant's defenses.

3. Steve Smith, Senior Manager, c/o Jackson Lewis P.C., 171 17th Street NW, Suite 1200, Atlanta, Georgia, 30363. Mr. Smith has discoverable information regarding Plaintiff's employment, the allegations set forth in the Complaint, and Defendant's defenses.

4. Scott Sweatman, Operations Manager, c/o Jackson Lewis P.C., 171 17th Street NW, Suite 1200, Atlanta, Georgia, 30363. Mr. Sweatman may have discoverable information regarding Plaintiff's employment, the allegations set forth in the Complaint, and Defendant's defenses.

5. Angel Rivera, Operations Manager, c/o Jackson Lewis P.C., 171 17th Street NW, Suite 1200, Atlanta, Georgia, 30363. Ms. Rivera may have

discoverable information regarding Plaintiff's employment, the allegations set forth in the Complaint, and Defendant's defenses.

6. James Taisch, Operations Manager, c/o Jackson Lewis P.C., 171 17th Street NW, Suite 1200, Atlanta, Georgia, 30363. Mr. Taisch may have discoverable information regarding Plaintiff's employment, the allegations set forth in the Complaint, and Defendant's defenses.

7. Other individuals identified by Plaintiff in her Initial Disclosures.

8. Other individuals identified by the Parties during discovery.

Defendant anticipates there may be other witnesses with relevant information. Defendant reserves the right to supplement this response or otherwise put Plaintiff on timely notice of such witnesses.

# ATTACHMENT B

1. Documents related to Plaintiff's employment with Defendant;

2. Documents related to Plaintiff's disability, including medical records;

3. Documents related to Plaintiff's request for reasonable accommodation;

4. Documents related to Plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission;

5. All documents identified or produced by Plaintiff in her Initial Disclosures or in response to Defendant's discovery requests; and

6. All other documents produced by the Parties during discovery.

Defendant anticipates there may be other documents which support its defenses. Defendant reserves the right to supplement this response or otherwise put Plaintiff on notice of such documents.